IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LL'S MAGNETIC CLAY, INC. d/b/a Enviromedica,<br><br>Petitioner/Plaintiff,<br><br>vs.<br><br>STAHLBERG TAYLOR & ASSOCIATES, P.C.,<br><br>Respondent. | MC 18-10-M-DLC-JCL<br><br>ORDER |

Before the Court is a Fed. R. Civ. P. 24(a) motion to intervene as a matter of right filed by Safer Medical of Montana, Inc. ("Safer Medical"). For the reasons discussed, the Court deems it appropriate to grant the motion.

I. **Background**

Safer Medical is a business based in Great Falls, Montana. It asserts it owns and manufactures a brand of probiotic supplements known as Prescript Assist which it has sold since 2001.

Petitioner LL's Magnetic Clay, Inc., dba Enviromedica ("Enviromedica") served as a distributor for Safer Medical's products from 2008 to 2017. In 2017, Safer Medical believed Enviromedica had engaged in activities detrimental to

1

Safer Medical's business interests in both its product and the market for the sales of its product. Consequently, Safer Medical terminated its distributorship relationship with Enviromedica.

As a result of the terminated relationship between Safer Medical and Enviromedica, litigation between the two ensued. Enviromedica commenced an action in United States District Court in Texas against Safer Medical and its principal, George Ackerson. (Doc. 2-2 (Third Amended Complaint in *LL's Magnetic Clay, Inc. d/b/a/ Enviromedica v. Safer Medical of Montana, Inc., George S. Ackerson, and DOES 1-5*, Case No. 1:17-cv-00649-SS, filed in United States District Court, Western District of Texas, Austin Division ("*Enviromedica I*")).) In general terms, Enviromedica advances fraud-related claims in *Enviromedica I* against Safer Medical and Ackerson based on various representations they made to Enviromedica relative to the Prescript Assist product and its ingredients, safety and efficacy – representations on which Enviromedica relied to invest in, and develop its distribution of the product, and to build the market for the product. Enviromedica also advances claims arising from Safer Medical and Ackerson's other alleged acts of misconduct which damaged Enviromedica's business interests. Safer Medical has pled counterclaims against Enviromedica.

On August 13, 2018, Enviromedica caused a subpoena for the production of

documents to be issued by the District Court in *Enviromedica I* which was directed to Stahlberg Taylor & Associates, PC ("Stahlberg"). (Doc. 2-3.) Stahlberg is Safer Montana and Ackerson's accounting firm and bookkeeper. The subpoena directs Stahlberg to produce documents in 24 identified categories providing information on matters such as, inter alia, Safer Medical and Ackerson's financial transactions, financial records, communications, and business relationships. (Doc. 2-3 at 6 to 7 of 8.) The subpoena demands production of the referenced documents relative to various business entities associated or affiliated with Ackerson and Safer Medical including: "George Ackerson, Safer Medical of Montana, Inc., MT Organo Tech, LLC, Big Sky Laboratories, LLC, Flight Crews, LLC, and any and all affiliates, including any parents, subsidiaries, or predecessors-in-interest, and any and all employees, agents, or anyone acting on their behalf." (Doc. 2-3 at 5 of 8.) Enviromedica asserts the documents are relevant to its liability and damage claims advanced in *Enviromedica I*.

In response to the subpoena, Stahlberg communicated its objections to the subpoena to Enviromedica. (Doc. 4-2 at ¶ 16.) Stahlberg has not produced documents in response to the subpoena.

In view of Stahlberg's objections and its non-production of documents, Enviromedica filed its motion to compel in this action seeking to compel Stahlberg's compliance with the subpoena. Stahlberg has not filed a response to the

motion to compel. Rather, it asserts it does not have the "resources to hire counsel and formally challenge" Enviromedica's motion. (Doc. 4-2 at ¶ 19.) Thus, in lieu of Stahlberg's active opposition to the motion to compel, Safer Medical filed its motion to intervene in an effort to protects its documents against disclosure.

## II. Discussion

Safer Medical's motion to intervene is filed under authority of Fed. R. Civ. P. 24(a) which provides, in part, as follows:

> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>
> [...]
>
> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). As prescribed in the rule, a proposed intervenor bears the burden of establishing "(1) that the prospective intervenor's motion is 'timely'; (2) that the would-be intervenor has 'a 'significantly protectable' interest relating to ... the subject of the action,' (3) that the intervenor is 'so situated that the disposition of the action may as a practical matter impair or impede [the intervenor's] ability to protect that interest'; and (4) that such interest is 'inadequately represented by the parties to the action.'" *Smith v. Los Angeles Unified School District*, 830 F.3d 843, 853 (9th Cir. 2016) (citation omitted). These requirements for intervention must be

4

"broadly interpreted in favor of intervention." *Id*. (citation omitted).

   A. **Timeliness**

In assessing the timeliness of a motion to intervene, the courts consider the totality of the circumstances an intervenor faces taking into account three primary factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Smith*, 830 F.3d at 854 (citation omitted). Timeliness is judged based upon the point in time when an intervenor "should have been aware that [its] interests would not be adequately protected by the existing parties." *Id*.

Enviromedica filed its motion to compel in this action on December 31, 2018. The motion to compel put Safer Medical on notice that Enviromendica sought to enforce the subpoena issued to Stahlberg requiring production of Safer Medical's records. As noted, Stahlberg has taken the position that it does not have resources to challenge the subpoena, thereby leaving Safer Medical's interests in the documents in Stahlberg's possession unprotected. Therefore, less than one month after Enviromedica commenced this action, Safer Medical filed its motion to intervene on January 24, 2019. Thus, the Court finds Safer Medical's efforts to intervene have been made at the very early stages of this case.

In its brief filed in opposition to Safer Medical's motion to intervene, Enviromedica does not assert it is prejudiced by the timing of Safer Medical's

5

motion to interevene. Absent an assertion of prejudice, the Court cannot find Enviromedica is prejudiced.

Also, given Safer Medical's prompt filing of its motion to intervene, the Court finds there is no "delay" for which a reason must be given and a length of time must be assessed. Consequently, the Court concludes Safer Medical's motion is timely.

B. **Significantly Protectable Interest**

In support of its motion to intervene, Safer Medical filed affidavits from Ackerson and Kristi Taylor, CPA, a partner at Stahlberg. Each affidavit asserts that the documents sought in Enviromedica's subpoena contain information about: (1) Safer Medical's strategic relationships, (2) the costs and sources of Safer Medical's goods, (3) Safer Medical's pricing strategy, (4) Safer Medical's transactions with distributors, wholesalers, retailers, and customers, and (5) Safer Medical's sensitive financial and business information which it has sought to maintain as confidential. (Docs. 4-1 and 4-2.) Ackerson asserts the documents in Stahlberg's possession provide Safer Medical a strategic advantage in the market for its business, and he asserts that if the information is released to a competitor such as Enviromedica it would be harmful to Safer Medical's business interests. (Doc. 4-1 at ¶¶ 14-15.) Such sensitive financial and pricing information can rise to the level of a significant interest that should be protected against disclosure. *See McGowan*

*v. EMD Chemicals, Inc.*, 2010 WL 11465300, *5 (D. Mont. 2010).

Enviromedica does not dispute Safer Medical's assertion that the documents in Stahlberg's possession contain sensitive or confidential financial or proprietary information important to Safer Medical's business and its competitive advantage. Therefore, the Court concludes Safer Medical has sufficiently asserted it has a significant protectable interest in the documents that are the subject of Enviromedica's motion to compel.

### C. **Impaired Ability to Protect Interests**

Safer Medical asserts that the resolution of Enviromedica's motion to compel in its absence, particularly in view of Stahlberg's inability to oppose the motion to compel, would impair its ability to protect its interests in the documents sought by Enviromedica. Enviromedica does not dispute Safer Medical's inability to protect its interests in this action given Stahlberg's non-appearance. The Court agrees that if the Court ultimately decides to grant the motion to compel without first affording Safer Medical an opportunity to be heard and to protect its interests, then Safer Medical's interests in the documents, which the Court finds are significant, would be irreparably jeopardized.

### D. **Interests Inadequately Represented**

The last factor provides that intervention would be warranted if the proposed intervenor's interests would be inadequately represented by the existing parties to

the action. But a proposed intervenor need only demonstrate that representation of its interests "may be" inadequate. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). In assessing the adequacy of existing representation, the courts consider "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Id*.

Stahlberg's interests in avoiding compliance with the subpoena are not aligned with Safer Medical's interests in protecting the subject documents from disclosure. Safer Medical has a business interest in the information contained within the subject documents. In contrast, Stahlberg only has an interest in avoiding the expense and burden of producing the documents that are the subject of the subpoena. The information in the documents is not important to the continued viability of Stahlberg's business, but it is important to Safer Medical's business viability.

Additionally, and significantly, Stahlberg has not appeared in this action or filed a brief in opposition to Enviromedica's motion to compel. Indeed, Stahlberg, through its partner, Kristi Taylor, represents that it does not have the resources to litigate any opposition it may have to the motion to compel. Thus, the record in this

case establishes that Stahlberg is not capable or willing to make arguments opposing Enviromedica's motion to compel and protecting Safer Medical's interests. Therefore, the Court finds that Safer Medical's interests in the subject of Enviromedica's motion to compel will not be represented in this action if the Court were to deny it leave to intervene.

## III. Conclusion

Based on the foregoing, the Court finds Safer Medical has presented evidence and arguments in satisfaction of the factors supporting its intervention as a matter of right under Fed. R. Civ. P. 24(a). Therefore, IT IS HEREBY ORDERED Safer Medical's motion to intervene is GRANTED. Safer Medical shall file its brief in opposition to Enviromedica's motion to compel on or before May 6, 2019.

DATED this 22nd day of April, 2019.

_____
Jeremiah C. Lynch
United States Magistrate Judge