IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED

JUN 0 C 2019

Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| LL'S MAGNETIC CLAY, INC. d/b/a Enviromedica, | MC 18–10–M–DLC–JCL |
| Petitioner/Plaintiff, | ORDER |
| vs. | |
| STAHLBERG TAYLOR & ASSOCIATES, P.C., | |
| Respondent, | |
| and | |
| SAFER MEDICAL OF MONTANA, INC., | |
| Intervenor. | |

United States Magistrate Judge Jeremiah C. Lynch issued an order on April 23, 2019, granting the motion to intervene of Safer Medical of Montana, Inc. ("Safer Medical"). (Doc. 12.) LL's Magnetic Clay, Inc., d/b/a Enviromedica ("Enviromedica") objected to Judge Lynch's order on May 7, 2019, claiming that Judge Lynch's recitation of certain background facts is unsupported by the record. (Doc. 14.) Because Enviromedica's claims of error are factual, the Court is limited to determining whether Enviromedica has shown clear error in Judge

-1-

Lynch's May 7, 2019 order. 28 U.S.C. § 636(b)(1)(A). The Court finds no such error.

Moreover, even if the order contained factual errors, Enviromedica has failed to argue—let alone demonstrate conclusively—that any alleged error caused Judge Lynch to abuse his considerable discretion in deciding whether to allow Safer Medical to intervene. Rather, Enviromedica objects "for the *limited purpose* of correcting the record to more accurately reflect Enviromedica's position." (Doc. 14 at 3.)

As a threshold matter, Enviromedica misstates the standard of review, quoting the wrong subsection of the Federal Magistrates Act to suggest that this Court has broad authority to review the magistrate judge's order and, in fact, should review de novo. (*Id.* at 3.) To the contrary, where, as here, a magistrate judge issues a nondispositive order, an Article III judge is not to "reconsider" such a matter unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Further, while the Act grants the Court the authority to modify *findings and recommendations*, as Enviromedica points out, it does not expressly grant similar authority to modify nondispositive orders.

Enviromedica raises six objections to Judge Lynch's order, claiming that the magistrate judge erred by: (1) mischaracterizing the end of Enviromedica's working relationship with Safer Medical; (2) stating that Respondent Stahlberg Taylor & Associates, P.C. communicated its objections to Enviromedica's subpoena; (3) finding that Safer Medical's intervention was necessary to protect Safer Medical's interests; (4) concluding that Enviromedica did not allege prejudice; (5) determining that there was no dispute regarding the sensitivity of documents at issue in this litigation, a determination that is only "partially true" (Doc. 14 at 8); and (6) mischaracterizing Enviromedica's position on Safer Medical's ability to protect its own interests absent intervention.

Enviromedica's objections are overruled. Assuming without deciding that the Court has the statutory and constitutional authority to rewrite Judge Lynch's nondispositive order even though Enviromedica does not challenge its outcome, Enviromedica is not entitled to an order that "more accurately reflect[s] Enviromedica's position." (*Id.* at 10.) Judge Lynch was under no obligation to present the facts in a manner favorable to Enviromedica, particularly in light of his legal obligation to construe Federal Rule of Civil Procedure 24(a)(2) "broadly in favor of intervention." *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998).

IT IS ORDERED that Petitioner's Objections (Doc. 14) are OVERRULED.

DATED this 6th day of June, 2019.

Dana L. Christensen, Chief Judge
United States District Court

-4-